2012-73083   P-12

CAUSE NO:_____

| | | |
|---|---|---|
| SCOTTIE JONES,<br>*PLAINTIFF* | § <br> § | IN THE DISTRICT COURT |
| | § | |
| **V.** | § | **FILED** |
| | § | Chris Daniel |
| **TEXAS COMMISSIONER OF**<br>**INSURANCE, ELEANOR KITZMAN,** | § <br> § | District Clerk |
| | § | DEC 12 2012 |
| RE: DEFENDANTS | § | Time:_____ |
| | § | Harris County, Texas |
| | § | By_____ |
| | § | HARRIS COUNTY, TEXAS |
| **ACE TEMPEST RE USA LLC** | § | |
| **ACE AMERICAN INSURANCE** | § | |
| **COMPANY: ACE TEMPEST RE USA LLC** | § | |
| **(AKA) ATR USA LLC;** | § | |
| **ACE LIMITED; OIL CASUALTY** | § | |
| **INSURANCE LIMITED; CHEVRONTEXACO;** | § | |
| **ALL KNOWN AND UNKNOWN** | § | |

152nd

Unofficial Copy Office of Chris Daniel District Clerk

CONFIRMED FILE DATE: 12/12/2012

## SCOTTIE JONES' ORIGINAL PETITION

*PLAINTIFF*, SCOTTIE JONES, files this Original Petition against ACE American Insurance Company,

ACE TEMPEST RE USA LLC, ACE LIMITED, OIL CASUALTY INSURANCE LIMITED, and

ChevronTexaco and in support thereof would respectfully show the Court the following:

### A. Parties

1.1    SCOTTIE JONES is a resident and citizen of the State of Texas, and Harris County Texas.

1.2    *DEFENDANT*, ACE TEMPESTEST RE USA LLC, and ATR USA LLC is a foreign

corporation, a resident of Stamford Ct. and New York, operated for the purpose of accumulating

monetary profit, and pursuant to Texas Insurance Code Chapter 804, Subchapter B   section

1

9454390

804.103(c)(1) , and 407. 024 may be served with service of process upon the Texas Commissioner of Insurance, 333 Guadalupe, Austin Texas 78701 as agent of for Defendant Ace Tempest Re USA LLC, with the Commissioner the forwarding a copy of the process by registered mail, return receipt requested, to *Ace Tempest Re USA LLC, Mark Megaw, Director of Reinsurance Litigation, Two Stamford Plaza, 281 Tresser Blvd Suite 500,Stamford , CT. Addresses for Ace Tempest RE USA LLC and ATR USA LLC* are the same.

1.3 DEFENDANT, ACE Limited, is a foreign corporation, a resident of  New York, operated for the purpose of accumulating monetary profit, and pursuant to Texas Insurance Code Chapter 804, Subchapter B   section  804.103(c)(1) , and 407. 024 may be served with service of process upon the Texas Commissioner of Insurance, 333 Guadalupe, Austin Texas 78701 as agent of for Defendant Ace Limited, with the Commissioner the forwarding a copy of the process by registered mail, return receipt requested, to *Ace Limited, Mark Megaw, Director of  Reinsurance  Litigation, Two Stamford Plaza, 281 Tresser Blvd Suite 500,Stamford , CT.*

1.4 DEFENDANT, OIL CASUALTY INSURANCE LIMITED  is a foreign corporation, a resident of New York and Hamilton Bermuda, operated for the purpose of accumulating monetary profit, and pursuant to Texas Insurance Code Chapter 804, Subchapter B   section  804.103(c)(1) , and 407. 024 may  be served with service of process upon the Texas Commissioner of Insurance, 333 Guadalupe, Austin Texas 78701 as agent of for Defendant OIL CASUALTY INSURANCE LIMITED with the Commissioner the forwarding a copy of the process by registered mail, return receipt requested, to *Ace Limited to an address to be determined by the Commissioner.*

1.5  DEFENDANT, ACE Limited, is a foreign corporation, a resident of New York, operated for the purpose of accumulating monetary profit, and pursuant to Texas Insurance Code Chapter 804, Subchapter B   section 804.103(c) (1), and 407. 024 may be served with service of process upon the

2

Texas Commissioner of Insurance, 333 Guadalupe, Austin Texas 78701 as agent of for Defendant Ace Limited, with the Commissioner the forwarding a copy of the process by registered mail, return receipt requested, to Ace Limited, *1133 Avenue of the Americas, New York 10036 USA Legal Department.*

*1.6 ACS RECOVERY SERVICES, a subrogation company for Plaintiff SCOTTIE JONES Medicare insurance provider TEXAS PLUS, is put on notice under federal regulation and for the Secretary.*

## DISCOVERY PLAN

*Discovery plan is under Texas Rules of Civil Procedure Level II.*

## VENUE AND JURIDICTION

2.1 Venue is proper as to events occurring in Harris County Texas. In addition, the insurance policy at issue and in which Plaintiff SCOTTIE JONES was a nominal party and subsequently became a beneficiary after the qualifying event was sold to his employers Phillips Petroleum Company and Chevron Phillips Chemical Company LLC. SCOTTIE JONES is a resident of Harris County Texas.

Plaintiff has sued defendants for Breach of Duty of Good Faith and Fair Dealing, DECEPTIVE TRADE PRACTICES UNDER TEXAS LAW.

## FACTUAL BACKGROUND

3.1 Plaintiff in this case was an employee of Phillips Petroleum Company on or about March 27, 2000, and was injured on the job in a fire and explosion at the Defendant's Houston Chemical Complex, in Pasadena, Texas.

Plaintiff filed a worker's compensation claim for his injuries and received some benefits, but not all of the indemnity benefits under the self insure retention policy between Ace American Insurance Company, Chevron Phillips Chemical Company LLC, and other Defendant insurers.  The Defendants, in part, as domestic and offshore persons reporting to United States persons, failed to report the financial insurance settlement in Bermuda to the Secretary in violation of Federal law.

Upon information and belief: Chevron Phillips Chemical Company LLC was formed on July 1, 2000 in a joint venture between Phillips Petroleum Company (ConocoPhillips) and Chevron. (Now Chevron Texaco)

The underlying insurers are located in the U.S.A., Switzerland, and in Bermuda. Chevron  Phillips Chemical Company LLC, Phillips Petroleum Company, (now ConocoPhillips) are brought in the cause of action as offshore insurance company shareholders, and policy holders.

The benefits Plaintiff received were apparently paid by Ace American Insurance ("Ace") which was a company not licensed to operate the self insurance policy  and service agreement policy by the Commissioner of Insurance in the State of Texas. The offshore insurance company OCIL settled insurance personal injury claims and transferred the proceeds to domestic companies in the United States of America and paid injury claims to certain company and union representatives as gifts. As a result, Plaintiff Jones was forced to take Medicare benefits as a secondary means of support until his injury claim is settled. Despite court orders, defendants companies have refused to present primary and underlying insurance agreements and policies to Plaintiff Jones. Plaintiff JONES and other workers injured in the March 27, 2000 explosion and fire. Plaintiff JONES was part of a mass tort

claim that was settled with his employers via a binding settlement agreement with (OSHA). Two of the settlers in the March 27, 2000 fire and explosion were negotiators for Plaintiff JONES with OSHA, Phillips Petroleum Company and his labor union. The two labor group representatives were paid $10,000.00 to keep the 1999 incident settlements confidential.

3.5 Ace American Insurance Company is the 100% reinsurer of approximately eight companies (including Pacific Employers Insurance Company) in an intercompany pooling agreement in which Ace American Insurance Company cedes risk to companies in the pool.

3.6 Defendants ACE American Insurance Company ultimately on or about November1, 2004 entered into an Intermediary Facility Management Agreement with ATR USA LLC.

3.7. The agreement between Ace American Insurance Company contained a provision that allowed ATR USA LLC (ATR) exclusive claims settlement authority.

3.8 Although Defendant Phillips Petroleum Company was deleted from the policy with Pacific Employers Insurance (PEIC), Defendants would continually put forward the PEIC policy in district, federal courts, and current contested case proceedings.

3.9 Phillip's claimed to be insured by Pacific Employers Insurance Company ("Pacific") even though Phillip had been deleted from the policy.

3.10 Plaintiff has made numerous attempts to settle injury claims under the alleged self insurance policy with no response from ACE American Insurance Company.

3.11 Attorney General of Texas opined that PEIC was outside of the Texas Workers Compensation System.

3.12 Defendant continues to seek protection under the exclusive remedy of the Texas Labor Code 408.001, where there is no protection provided.

3.13 Recently discovered documents would reveal that Chevron Phillips Chemical Company LP had been paying workers injured work salaries for three years outside of the Texas Labor Code and Texas Workers Compensation guidelines.

3.14 Through a pre merger Contribution Agreement between Chevron and Phillips Petroleum Company, the newly formed Chevron Phillips Chemical Company LLC would indemnify Phillips for the June 23, 1999 fire and explosion.

3.15 On or about January 1, 2000, Chevron Phillips LP. would assume injury benefit payments to workers injured in the March 27, 2000 explosion and fire at the Houston Chemical Complex.

3.16 Chevron Phillips Chemical Company LP and Phillips Petroleum funded four structured settlements to workers injured in the March 27, 2000 fire and explosion at its Houston Chemical Complex.

3.17 The structured settlements given to workers injured in the March 27, 2000 fire and explosion were settled in the death case proceedings of the June 23, 1999 fire and explosion at the Houston Chemical Complex.

3.18 The structured settlements were executed in the closing court proceeding of the June 23, 1999 trial of the workers killed in the June 23rd explosion.

3.19 Chevron Phillips Chemical Company, or its affiliate Chevron Phillips Chemical Company LP., had worker's compensation policy certified and approved by the Commissioner of Insurance 1999.

3.20 Chevron Phillips Chemical Company, or its affiliates Chevron Phillips Chemical Company LP had a worker's compensation policy certified and approved by the Commissioner of Insurance.

6

3.21 Chevron Phillips Chemical Company LLC became a policyholder and shareholder 2000 in

OCIL in 2000.

3.22 Phillips Petroleum Company was one of the founding companies that formed OCIL in

Bermuda in 1986, and to this date continue to be a member and shareholder.

3.23 Phillips Petroleum Company was a shareholder and policy owner in OCIL in 2000.

3.24 No less than three of Phillips U.S.A executives served as either chairman and or executives in

OCIL in Bermuda..

Plaintiff ask court and Commissioner to block any sale merger or questions of any of the Defendants

3.25 Certain ATR USA LLC officials presented to the Texas Insurance Division an intermediary

contract between ATR USA LLC and Ace American Insurance Company where one party to

contract no longer existed.

3.26 Plaintiff JONES injures are compensable and have been accepted by the employers Phillips

Petroleum Company and Chevron Phillips Chemical Company and is entitled to a settlement under

the mass tort claims and insurance policies.

3.27 The significant effect of Defendants' wrongful and unjustified delay is still uncompensated.

3.28 The Defendants are "settling persons" pursuant to Chapter 33 of the Texas Civil Practices and

Remedies Code. Defendants undertook actions and made promises to settle claims to settle

sustained in an explosion on March 27, 2000 forming the basis of this lawsuit.

**FIRST CAUSE OF ACTION- Violation of the Texas Insurance Code.**

4.1 Plaintiff Scottie Jones re-alleges and incorporate each allegation contain in paragraph 1-28

Of this petition as if fully set forth herein.

7

4.2  Defendants failed to effectuate  a prompt, fair and equitable settlement of a claim with respect to which liability has become reasonably clear, in violation of the Texas Insurance Code Section 541.060 (a)(2)(A)(formerly Art. 21.21§ 4 (10)(ii).

4.3 Defendants failed to adopt and implement reasonable standards for prompt investigation standards for prompt investigation of the claims arising under the policies.

4.4 Defendants insurers failed to provide promptly a reasonable explanation, in relationship to the facts, or applicable law, for the denial of a claim, in violation if the Texas Insurance Code Section 541.060(a)(3) (formerly Art. 21.21 §4(10)(iv).

4.5 Defendants refused to pay a claim without conducting a reasonable investigation with respect to the claim in violation of the Texas Insurance Code Section 541.060(a)(7)(formerly Art 21.21§4(10)(vii).

4.6Defendants misrepresented the insurance policy under which Defendants  affords workers compensation coverage to Plaintiff SCOTTIE JONES by making an untrue statement of material fact, in violation of the Texas Insurance Code Section 541.060 (1)(formerly Art. 21.21 §4(11)(a).

4.7 Defendants misrepresented the insurance policy under which Defendants   affords workers compensation coverage to Plaintiff SCOTTIE JONES, by failing to state a material fact that is necessary to make others statements made not misleading , in violation of the Texas Insurance Code Section 541.060 (2)(formerly Art. 21.21 §(11)(b).

4.8 6Defendants misrepresented the insurance policy under which Defendants affords workers compensation coverage to Plaintiff SCOTTIE JONES, by making a statement in such a manner as to mislead a reasonably prudent person to a false conclusion of material fact, and failing to disclose a matter required by law to be disclosed, in violation of the Texas Insurance Code Section 541.002 (1)(formerly Art. 21.21 §4(11)(e).

8

4.9Defendants misrepresented the insurance policy under which Defendants  affords workers

compensation coverage to Plaintiff SCOTTIE JONES by making an untrue statement of material fact, in

violation of the Texas Insurance Code Section 541.060 (1)(formerly Art. 21.21 §(11)(a).

410 Defendants allowed the employer, company officers and directors, to dictate the methods by which

and the terms on which a claim is handled and settled, in violation of the Texas Insurance Code Section

415.022.


**SECOND CAUSE OF ACTION-BREACH OF DUTY OF GOOD FAITH &FAIR DEALING**

5.1Plaintiff SCOTTIE JONES re-alleges and incorporate each allegation contained in Paragraph 1-28 of

the petition as if set forth herein.

5.2Defendants, as set forth herein, workers compensation insurers and reinsurers had a duty to deal

fairly and in good faith with Plaintiff JONES in the processing of his workers compensation claim.

Defendants breached this duty by refusing to properly investigate and effectively denying necessary

medical care and settlement benefits. Defendants knew or should have known that there was no

reasonable basis for denying or delaying the required benefits.  Defendants knew or also knew of a mass

tort settlement and agreement between Defendants Chevron Phillips Chemical Company LLC, Phillips

Petroleum Company and OSHA. As result of defendant's breach of these legal duties, Plaintiff JONES

suffered legal damages


**THIRD CAUSE OF ACTION-PUNITIVE DAMAGES OF GOOD FAITH AND FAIR DEALING**

6.1 Plaintiff JONES re-alleges and incorporates each allegation n Paragraph 1-5.1 of this Petition as if

fully set forth herein:


9

6.2 Defendant acted fraudulently and with malice (as that term is defined in denying Plaintiff JONES

claim for workers compensation benefit. Defendants conduct when viewed from objectively from its

standpoint at time of its occurrence involved an extreme degree of risk to Plaintiff JONES, considering

the probability and magnitude of the potential harm to Plaintiff JONES. Further, Defendants had actual

subjective awareness of the risk involved, but never the less proceeded with conscious indifference to

rights , safety, or welfare of Plaintiff JONES.

## FOURTH CAUSE OF ACTION-VIOLATION OF TEXAS DTPA

7.1 Plaintiff JONES re-alleges and incorporates each allegation n Paragraph 1-6.1 of this Petition as if

fully set forth herein:

7.2 Deceptive Trade Practices –Consumer  Protection Act (DTPA) provides addition protection to

consumers who are victim of deceptive ,improper, or illegal practices. Defendants' violation creates a

cause of action under the DTPA. Defendants violation of the Texas Insurance Code , as set forth herein

specifically violates the DTPA as well

## RESULTING LEGAL DAMAGES

8.1 Plaintiff SCOTTIE JONES is entitled to the actual damages resulting both jointly and severally from

Defendants violations of the law. These damages the consequential damages to the economic welfare

from the wrongful denial and delay of benefits, the mental anguish and physical suffering resulting from

the wrongful actions and denial of benefits, and continued impact on the medical evaluation, treatment

and  final diagnosis of all the other actual damages permitted by law. In addition, Plaintiff SCOTTIE

JONES is entitled to exemplary damages.

10

8.2 As a result of Defendants' acts and or omissions, Plaintiff has sustained damages in excess of the minimum jurisdictional limits of this court.

8.3 Plaintiff is entitled under law to the recovery of prejudgment interest at the maximum legal rate.

### PRAYER

WHEREFORE PREMISES CONSIDERED, Plaintiff respectfully request that Plaintiff have judgment against Defendants for actual damages jointly and severally in excess of minimum jurisdictional limits of this Court, pre-and post judgment interest as allowed by law, cost of suit and all other relief, at or inequity, to which SCOTTIE JONES may be entitled.

### JURY DEMAND

Plaintiff JONES hereby demand a trial by jury and tenders the necessary fee, a right enshrines in the Constitution of the United States of America and the State of Texas, and preserved by the sacrifices of many.

Unofficial Copy Office of Chris Daniel District Clerk

### CERTIFICATE OF SERVICE

I certify that on this ___ day of December 2012, a true and correct copy of the foregoing has served through process service, or certified mail:

Eleanor Kitzman,

Texas Commissioner of Insurance, State of Texas

333 Guadalupe

Austin, Texas 78701

ACS RECOVERY SERVICES

1301 Basswood Rd.

Suite 105

Schaumburg, IL. 60173

SCOTTIE JONES

BY: Scottie Jones, AR

SCOTTIE JONES
832 525 4747

# CIVIL PROCESS REQUEST FORM

CASE NUMBER: 2012-73083   CURRENT COURT: 152

TYPE OF INSTRUMENT TO BE SERVED:
FILE DATE: 12 12 12
    Month/ Day/ Year

SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):

1. NAME: Eleanor Kitzman, Commissioner of Ins. Texas
   ADDRESS: 333 Guadalope Austin
   AGENT, (if applicable): Proffession Civil Process 1435 Surte 203
                                                        Austin Texas 78785

TYPE OF SERVICE/PROCESS TO BE ISSUED (see reverse for specific type): _____

SERVICE BY (check one):
- ☒ ATTORNEY PICK-UP                    ☐ CONSTABLE
- ☐ ELECTRONIC MAIL(EXPUNCTIONS ONLY)   ☐ FAX(EXPUNCTIONS ONLY) FAX # _____
  EMAIL ADDRESS_____
- ☐ MAIL                                ☐ CERTIFIED MAIL
- ☐ CIVIL PROCESS SERVER - Authorized Person to Pick-up: _____
- ☐ PUBLICATION:
  Type of Publication: ☐ COURTHOUSE DOOR, or
                       ☐ NEWSPAPER OF YOUR CHOICE: _____
- ☐ OTHER, explain _____

**************************************************************************

2. NAME: Attorney General for Texas Commissioner of Ins.
   ADDRESS: _____
   AGENT, (if applicable): _____

TYPE OF SERVICE/PROCESS TO BE ISSUED (see reverse for specific type): _____

SERVICE BY (check one):
- ☐ ATTORNEY PICK-UP                    ☐ CONSTABLE_____
- ☐ ELECTRONIC MAIL(EXPUNCTIONS ONLY)   ☐ FAX(EXPUNCTIONS ONLY) FAX #_____
  EMAIL ADDRESS_____
- ☐ MAIL                                ☐ CERTIFIED MAIL
- ☐ CIVIL PROCESS SERVER - Authorized Person to Pick-up: _____
- ☐ PUBLICATION:
  Type of Publication: ☐ COURTHOUSE DOOR, or
                       ☐ NEWSPAPER OF YOUR CHOICE:
- ☐ OTHER, explain _____

# FILED
Chris Daniel
District Clerk

DEC 12 2012

Time: _____
Harris County, Texas
By_____
        Deputy

ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE: Plantiff will have Service done
NAME: Request by Plantiff   TEXAS BAR NO./ID NO. _____
MAILING ADDRESS: _____
PHONE NUMBER: _____   FAX NUMBER: _____
             area code   phone number         area code   fax number
EMAIL ADDRESS: _____

SERVICE REQUESTS WHICH CANNOT BE PROCESSED BY THIS OFFICE WILL BE HELD FOR 30 DAYS PRIOR TO CANCELLATION. FEES WILL BE REFUNDED ONLY UPON REQUEST OR AT THE DISPOSITION OF THE CASE. SERVICE REQUESTS MAY BE REINSTATED UPON APPROPRIATE ACTION BY THE PARTIES.

Phone 832-525-4747

S:\Forms Lib\Civil Bureau\Civ Fam Intake & Customer Svc\Civintake\Civil Process Request Form    Rev. 9/3/99

CONFIRMED FILE DATE: 12/12/2012

CAUSE NO: 2012-73083

| | |
|---|---|
| SCOTTIE JONES,<br>*PLAINTIFF*<br><br>V.<br><br>**TEXAS COMMISSIONER OF**<br>**INSURANCE, ELEANOR KITZMAN,**<br><br>RE: DEFENDANTS<br><br><br><br>**ACE TEMPEST RE USA LLC**<br>ACE AMERICAN INSURANCE<br>COMPANY:  ACE TEMPEST RE USA LLC<br>(AKA) ATR USA LLC;<br>ACE LIMITED; OIL CASUALTY<br>INSURANCE LIMITED; CHEVRONTEXACO;<br>**ALL KNOWN AND UNKNOWN** | § IN THE 152ND JUDICIAL DISTRICT<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§  HARRIS COUNTY, TEXAS<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

FILED<br>CHRIS DANIEL<br>DISTRICT CLERK<br>2013 JAN 23  PM 1:48<br>NO FEE FILING -8

## Affidavit of Fact

STATE OF TEXAS  }
COUNTY OF ___Harris___

Scottie Jones, a natural person, for the related matters for SCOTTIE JONES herein the, Plaintiff,, the person named in the above cause, appeared before me, the undersigned authority in and for said county and state, HARRIS COUNTY, TEXAS, who, having been being first duty sworn by the undersigned Notary Public, deposes and says:

Affiant is informed and believes, and on such information and belief, and in good faith, states the following:

1. Phillips Petroleum Company,, a United States person,(now ConocoPhillips) set up a trust fund as an accrual to settle injury claim for the March 27, 2000 from the explosion at Phillips, its Houston Channel complex.

2. Pacific Employees Insurance Company policy with Phillips petroleum Company was deleted on or about November 1, 1999.

3. Chevron Phillips Chemical Company LP, an affiliate company of Chevron Phillips Chemical LLC (CPC) and Phillips Petroleum Company, purchased and paid for a uniformed structured settlement for four workers injured (two union representatives. and

two company staff workers) in the March 27, 2000 explosion and fire.at its Houston Chemical Complex.

4. Chevron Phillips Chemical Company LP and Phillips Petroleum (now ConocoPhillips, settled injury claims "acting without recourse",is the Responsible Reporting Entity (RRE) under the Medicare, Medicaid,&SCHIP Extention Act of 2007 Section 111..

5. Pacific Employers Insurance Company and or ACE USA

6. Funds set aside as accruals to pay legal claims for the injuries sustains by union and company workers for the March 27, 2000 and June 23, 1999 fire and explosions at the Houston Chemical Complex is a trust ..

7. Chevron Philips indemnified Philips Petroleum Company for the June 23, 1999 fire and explosion.in the Contribution Agreement between Phillips and Chevron merger of July 1, 2000..

8. Chevron Phillips Chemical Company and Phillips Petroleum Company settled and paid for injuries sustained by four workers in the March 27,2000 explosion and fire in the court proceeding of the June 23, 1999 fire and explosion.

9. Philips Petroleum liability coverage for the 1999 fire and explosion was exhausted after the fronting company St. Paul Fire & Marine coverage of $1,000,000.00 was paid, leaving Phillips bare for the 1999 explosion and in trouble under the Texas Workers compensation system for the March 27, 2000 explosion liabilities.

10. ACE American Insurance Company was not a certified or approved worker compensation insurer by the Texas Insurance Commission on March 27, 2000 fire and explosion at Philips Petroleum Company's Houston Chemical Complex..

11. Chevron Chemical Company LLC was formed on or about July 1, 2000.

12. Philips Petroleum Company,( now ConocoPhilips) ,designated settlement given to  the two union  committeemen injured in the March 27, 2000 fire and explosion as  a gift.

13. Pacific Employers Insurance Company (PEIC) filed injury claims for company and union workers injured in the march 2, 2000 fire and explosion at Philips Petroleum Company as the real party in interest.

14. ATR USA LLC, now ACE Tempest RE USA, LLC, and Ace American Insurance Company attempted to file  an Intermediary Facility Management Contract with the Texas Department of Insurance on  or about November 1, 2004.

15. ACE Tempest Re was formed out of ATR USA  LLC  on or about July 1, 2000.

16. ATR USA LLC would assume claim settlement authority in the Intermediary Facility Management Contract with ACE.  American Insurance Co. on or about November 1, 2004.

17. Philips Petroleum Company CEO and its board members would approve the settlements to four company and union members injured in the March 27, 2000 fire and explosion at its Houston Chemical Complex.
    In an email from Chevron Phillips Chemical Company  LLC  CEO to company employees that  injuries for those injured  in the March 27, 2000 fire and explosion.would be taken care of by Phillips.

18. Conoco Phillips (formerly Philips Petroleum CO), Chevron and Chevron Philips Chemical Company LLC are  policy holders shareholders , and foreign (offshore)

persons in the offshore captive insurance company, Oil Casualty Insurance Limited. OCIL.

19. Chevron Philips Chemical. Company LP did not have a workers compensation policy certified and approved by the Texas Insurance Company in 1999 and 2000.

20. On or about June 1, 2001, Chevron Chemical Company. settled with various insurers for the March 27, 2000 fire and explosion, although Chevron Phillips was not created until after the March 27, 2000 and June 23, 1999 fire and explosion.
    CPC altered certain employee's work records to reflect that afore mentioned injured employees worked for CPC years before CPC was formed.

21. Records filed in its earlier court cases indicated the Plaintiff SCOTTIE JONES injuries were settled in a binding settlement agreement with Philips Petroleum Company.

22. Plaintiff SCOTTIE JONES injuries sustained in the March 23, 2000 has already been accepted and settled. Plaintiff SCOTTIE JONES has not signed any binding settlement agreement with CPC, ConocoPhillips (formerly Philips Petroleum Company) for injuries sustained in the March 23, 2000 fire and explosion.

23. Defendants have not reported mass tort settlement to DWC or Medicare. as required by Medicare Secondary Payers .Act, and the Medicare, Medicaid & SCHIP Extension Act of 2007. Section 111.

24. Texas Departments of Insurance (TDI) has stated that ATR USA LLC and Ace American Insurance Company. in documents filed with TDI on or about November 4, 2004,is a foreign corporation to Texas and not domiciled in Texas.

25. ESIS Service agreement is not approved or certified by Texas Insurance Commission or the Texas Department of the State of Texas

26. Chevron Phillips Chemical Company LP, (the United States person) provided the four settlors (1) enhanced short-term disability for nearly three years, (2) workers compensation pay, (3)and a settlement agreement. and full pay..

27. As a beneficiary to the trust (accrual) formed by Defendants, Plaintiff SCOTTIE JONES has been denied back pay, enhanced benefits, bonuses, Long-term disability (LTD) through Chevron Phillips Chemical Company's LTD policy and access to the trust.

28. In a sworn to deposition, Alan Sturdivant, the underwriter of Phillips Petroleum Company's workers compensation policy number XWC 011856 (250,000 SIR deductible limit.) stated that Phillips did not have a self insurance operation in Texas. p.p.13

29. ACE USA, the fronting company to the insurance arrangement, would receive claims administration expenses via a negotiated fee schedule.

30. ACE USA is the Required Reporting Entity (RRE) under the SCHRIP EXTENTION ACT of 2007.

31. The Defendants entities, both foreign and domestics are without any affirmative defenses under any Texas Labor Codes.

32. Third party adjustor Sonia Margarita Ruiz,( License ID 239104) acting as Sonia Godinez for over five years signed Affidavits as Sonia Godinez, provided information to Plaintiff SCOTTIE JONES, provided information to Medicare contractors as Sonia Godinez, and provided and received private medical information to various doctors.

33. Ms. Sonia Ruiz, under the treat of perjury, signed Social Security Administration documents as Sonia Godinez. Ms. Godinez used the professional license ID 173500 and professional ID number 0006130263.

SCOTTIE JONES
ALL Rights Rights and Liberties Reserve

*Scottie Jones*

(Signature of Affiant)

SWORN to (or affirmed) and subscribed before me, this the ___ day of January, 2013

By: *Scottie Jones* .

(Name of Affiant)

Personally known as SCoTTie JoNES

Produced Identification 07762216

Type of Identification Texas Drivers License

Produced_____

NOTARY PUBLIC

EDUARDO PEREZ
My Commission Expires
October 31, 2016

RECEIPT NUMBER   7985   *PS*   0.00
TRACKING NUMBER   72859003   CIV

CAUSE NUMBER   201273083

| PLAINTIFF: JONES, SCOTTIE | In The   152nd |
| vs. | Judicial District Court of |
| DEFENDANT:   ACE AMERICAN INSURANCE COMPANY | Harris County, Texas |

### CITATION CORPORATE

THE STATE OF TEXAS
County of Harris

DELIVERED THIS ___ DAY OF ___
BY _____
OFFICER/DEPUTY

**F I L E D**
Chris Daniel
District Clerk

FEB 1 9 2013

TO: CHEVRONTEXACO (CORPORATION) BY SERVING THROUGH ELEANOR KITZMAN TEXAS
COMMISSIONER OF INSURANCE

333 GUADALUPE  AUSTIN TX 78701

Time: _____
Harris County, Texas

Attached is a copy of   ORIGINAL PETITION

By _____
Deputy

This instrument was filed on the ____12th____ day of ____December____, 20 _12_ , in the
above cited cause number and court. The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED**; you may employ an attorney. If you or your attorney do not file a written answer with the
District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of 20 days after you were
served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:

This Citation was issued under my hand and seal of said court, at Houston, Texas, this ___26th___ day of
____December____, 20 _12_

*Chris Daniel*

**CHRIS DANIEL, District Clerk,**
Harris County, Texas
201 Caroline, Houston, Texas 77002
P.O. Box 4651, Houston, Texas 77210

Issued at request of:
JONES, SCOTTIE
7816 KING ST
HOUSTON, TX 77028

Bar Number:   1

Generated by: SCOTT, JOHN L   QGT/Y9V/9462795

### OFFICER/AUTHORIZED PERSON RETURN

I received this citation on the _____ day of _____, 20____, at _____ o'clock ____.M., endorsed

the date of delivery thereon, and executed it at _____, _____

(street address)                          (city)

in _____ County, Texas on the _____ day of _____, 20____, at _____ o'clock ____. M.,

by delivering to _____, by delivering to its

(the defendant corporation named in citation)

_____, in person, whose  name is _____

(registered agent, president, or vice-president)

a true copy of this citation, with a copy of the _____ Petition attached,

(description of petition, e.g., "Plaintiffs Original")

and with accompanying copies of _____,

(additional documents, if any, delivered with the petition)

I certify that the facts stated in this return are true by my signature below on the _____ day of _____, 20____.

FEE: $ _____       By: _____

(signature of officer)

Printed Name: _____

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

## 152nd District Court of HARRIS County, Texas
201 CAROLINE, 11TH FL HOUSTON TX 77002

## Case #: 201273083

JONES, SCOTTIE

*Plaintiff*
**vs**
ACE AMERICAN INSURANCE COMPANY

*Defendant*

### RETURN OF SERVICE

I, Floyd J Boudreaux, make statement to the fact;
That I am a competent person more than 18 years of age and not a party to this
action, nor interested in the outcome of the suit.  That I received the documents
stated below on 02/05/13 16:32 pm, instructing for same to be delivered upon
Chevrontexaco (Corporation) By Delivering To Prentice Hall C Orporation Service
Company..

That I delivered to      : Chevrontexaco (Corporation) By Delivering To Prentice Hall C
                           Orporation Service Company. By Delivering to Susan Vertrees,
                           authorized to accept.

the following            : **CITATION; SCOTTIE JONES ORIGINAL PETITION**

at this address          : 211 East 7th Street Ste 620
                           Austin, Travis County, TX 78701

Manner of Delivery       : **by PERSONALLY delivering the document(s) to the person above.**

Date and time            : **February 6, 2013 9:05 am**

My name is Floyd J Boudreaux, my date of birth is January 10th, 1943, and my address

is Professional Civil Process Downtown, 2211 S. IH 35, Suite 203, Austin TX 78741,

and U.S.A.  I declare under penalty of perjury that the foregoing is true and

correct.

Executed in Travis County, State of Texas, on the _____8_____ day of

_____FEB_____, 20_13_.

_____
                                                                    Declarant
Floyd J Boudreaux

Texas Certification#: SCH-3506 Exp. 02/28/2014

Private Process Server
Professional Civil Process, Inc.              PCP Inv. #Z13200032
P.O. Box 342467 Austin TX 78734
(512) 477-3500

AX02A13201172                    + Service Fee:  65.00
                                   Witness Fee:     .00
amyk                               Mileage Fee:     .00
                                                        Jones, Scottie

Filed 13 February 22 P4:57
Chris Daniel - District Clerk
Harris County
FAX15416238

CAUSE NO. 2012-73083

| | | |
|---|---|---|
| SCOTTIE JONES | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| | § | |
| VS. | § | |
| | § | 152ND JUDICIAL DISTRICT |
| | § | |
| ACE TEMPEST RE USA LLC | § | |
| ACE AMERICAN INSURANCE | § | |
| COMPANY; ACT TEMPEST RE USA | § | |
| LLC (AKA) ATR USA LLC; | § | |
| ACE LIMITED; OIL CASUALTY | § | |
| INSURANCE LIMITED; | § | |
| CHEVRONTEXACO; | § | |
| Defendants | § | HARRIS COUNTY, TEXAS |

**DEFENDANT ACE AMERICAN INSURANCE COMPANY'S
ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION
and REQUEST FOR DISCLOSURE UNDER RULE 194**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant ACE American Insurance Company (hereafter "ACE American)

and files this Original Answer to Plaintiff's Original Petition and its Rule 194 Requests for

Disclosure to Plaintiff and would respectfully show the Court as follows:

**GENERAL DENIAL**

1.      ACE American, denies each and every, all and singular, the allegations contained in

the Plaintiff's pleadings and demands strict proof thereof.  At this time, ACE American asserts a

general denial as authorized by Rule 92 of the Texas Rules of Civil Procedure, and respectfully

requests this Court and Jury to require the Plaintiff to prove its claims, charges and allegations by

a preponderance of the evidence as required by the Constitution and the laws of the State of Texas.

Unofficial Copy Office of Chris Daniel District Clerk

### AFFIRMATIVE DEFENSES

2.      ACE American shows that Plaintiff was at all relevant times an employee covered

by a policy of workers' compensation insurance issued by Pacific Employers Indemnity Co. and not

by ACE American.  As such, this suit is barred by the collective provisions of the Texas Workers'

Compensation Act including but not limited to the provisions of § 408.001 of the act which provides

that the recovery of workers' compensation benefits is the exclusive remedy of an employee covered

by workers' compensation insurance coverage or a legal beneficiary against the employer or an agent

or employee of the employer for the death of or a work-related injury sustained by the employee.

3.      ACE American shows that Plaintiff is not entitled to recover in the capacity in which

he sues because of his status as a covered employee under a workers' compensation policy issued

by another entity and not ACE American.

4.      ACE American shows that there is a defect of parties inasmuch as ACE American

did not issue any insurance policy covering Plaintiff.  Rather Plaintiff's claims, if any remain

existing, are against Pacific Employers Indemnity Company ("PEIC") under the provisions and

framework of the Texas Workers Compensation Act and the workers' compensation policy issued

by PEIC, and not ACE American.

5.      Alternatively and assuming arguendo, that Plaintiff were covered by any policy issued

by ACE American, notice and proof of loss or claim for damage has not been given as alleged.

Unless such notice and proof is filed no evidence shall be admitted.  A denial of such notice or such

proof is hereby made.

6.      ACE American would show that the issues and damages raised herein were litigated

in another action and, as such, are barred by collateral estoppel.

7.      Alternatively, and without waiving the foregoing, ACE American would show that

Unofficial Copy Office of Chris Daniel District Clerk

Plaintiff's claims are barred by all applicable statutes of limitations.

    8.    Alternatively, ACE American would show that Plaintiff failed to mitigate his damages.

**REQUEST FOR DISCLOSURE**

    9.    Under Texas Rule of Civil Procedure 194, defendant requests that Plaintiff disclose, within 30 days of the service of this request, the information or material described in Rule 194.2

WHEREFORE, PREMISES CONSIDERED, ACE American Insurance Company requests that the Plaintiff take nothing by reason of this suit, claims, actions, etc. and that ACE American Insurance Company recover all of its costs of court together with such other and further relief to which it is so entitled.

Respectfully submitted,

BURT BARR & O'DEA, L.L.P.

/s/ *Jeffry P. O'Dea*

By:_____

Jeffry P. O'Dea
State Bar No.: 15192400
3900 Essex Lane, Suite 330
Houston, Texas 77027
713/650-8700
713/655-8383 (Facsimile)

**ATTORNEYS FOR DEFENDANT**
**ACE AMERICAN INSURANCE COMPANY**

Unofficial Copy Office of Chris Daniel District Clerk

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been forwarded to all counsel of record and/or pro se and served in accordance with the Texas Rules of Civil Procedure on February 22, 2013.

Mr. Scottie Jones                              Via U.S. Mail
7816 King Street
Houston, Texas 77028

/s/ Jeffry P. O'Dea
_____
Jeffry P. O'Dea

| STATE OF TEXAS | § |
|---|---|
| | § |
| HARRIS COUNTY | § |

## VERIFICATION

Before me, the undersigned notary, on this day personally appeared JEFFRY P. O'DEA, the affiant, a person whose identity is known to me.  After I administered the oath to affiant, affiant testified:

1.   My name is JEFFRY P. O'DEA.  I am over 18 years of age, of sound mind, and capable of making this verification.  The facts stated in this original answer are within my personal knowledge and are true and correct.

JEFFRY P. O'DEA

Sworn to and subscribed before me by JEFFRY P. O'DEA on this 22nd day of February, 2013.

Notary Public in and for
the State of Texas

My commission expires:

JACKIE LYNN KERMODE
NOTARY PUBLIC
STATE OF TEXAS
My Comm. Exp. 05-15-2015